# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Felicia Yang,<br><br>   Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>   Defendant. | Civil File No. 20-cv-01397-SRN-KMM<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

  1. This Court's jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

  2. This action arises out of Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

  3. Venue is proper in this District because the acts and transactions at issue occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

  4. Plaintiff Felicia Yang is a natural person and a resident of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5.  Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company that engages in extensive debt collection activity in Minnesota.

6.  Portfolio Recovery Associates, LLC purchases allegedly defaulted debts to collect from consumers; the debts PRA purchases are allegedly in default when Portfolio purchases them, and were incurred or allegedly incurred by the consumers for personal, family, or household purposes.

7.  Portfolio Recovery Associates, LLC is headquartered at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502

8.  Portfolio Recovery Associates, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because Portfolio Recovery Associates, LLC uses instrumentalities of interstate commerce and/or the mails in a business the principal purpose of which is the collection of debts.  In addition, on information and belief, Portfolio Recovery Associates, LLC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The principal purpose of Portfolio Recovery Associates, LLC is the collection of debts; more than half of its revenues are derived from debt collection; and, in this case, Portfolio Recovery Associates, LLC filed a lawsuit against Plaintiff to collect on the alleged debt.

9. Portfolio Recovery Associates, LLC, a Delaware limited liability company, is a wholly-owned subsidiary of PRA Group, Inc., which is a publicly held corporation that trades on the NASDAQ under the symbol "PRAA."

10. PRA Group, Inc. was initially formed as Portfolio Recovery Associates, L.L.C. on March 20, 1996. Portfolio Recovery Associates, Inc. was formed in August 2002 in order for PRA to become a publicly traded company. Portfolio Recovery Associates, Inc.'s legal name was changed to PRA Group, Inc. on October 23, 2014.

11. PRA Group, Inc. files annual 10-k reports with the Securities and Exchange Commission (SEC).

12. PRA Group, Inc.'s March 2, 2020, 10-k filing with the SEC stated that "Our primary business is the purchase, collection, and management of portfolios of nonperforming loans. The accounts we purchase are primarily the unpaid obligations of individuals owed to credit grantors, which include banks and other types of consumer, retail, and auto finance companies."

13. The same 10-k filing stated that Portfolio Recovery Associates, LLC is subject to the law contained in the "*Fair Debt Collection Practices Act ('FDCPA'),* which imposes certain obligations and restrictions on the practices of debt collectors, including specific restrictions regarding the time, place and manner of the communications."

3

14. In fact, the Court of Appeals for the Eighth Circuit has previously applied the FDCPA to Portfolio Recovery Associates, LLC's litigation conduct. *See Haney v. Portfolio Recovery Associates, LLC.*, 895 F.3d 974 (8th Cir. 2016).

15. The United States Government determined in its Federal Government Injunction Consent Order that Portfolio Recovery Associates "is a 'debt collector' within the meaning of the FDCPA, 15 U.S.C. § 1692a(6)."

**FACTS**

16. Portfolio Recovery Associates, LLC attempted to commence a lawsuit against Plaintiff through service of a Summons and Complaint at her home.

17. The alleged debt forming the basis for the lawsuit constituted an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services were the subject of the transaction were primarily for personal, family, or household purposes. As such, the alleged obligation is a "debt" as defined in 15 U.S.C. § 1692a(5).

18. In the complaint, Defendant alleges that "the defendant owed $603.16 for credit on a Comenity Bank – Victoria's Secret account ending in ***********6150."

19. Defendant further alleges in the complaint that "[s]aid claim was assigned, for good consideration, to the plaintiff [Portfolio Recovery Associates, LLC] and the aforementioned balance remains due and owing."

4

20.     The Summons that Defendant served on Plaintiff contained the following language: "You ***must*** send a copy of your answer to the person who signed this summons located at: PO Box 2427, Fargo, ND 58108-2427." (emphasis added).

21.     This statement is false and contrary to Minnesota law. Minn. R. Civ. P. 4.01 ("The summons shall state the name of the court and the names of the parties, be subscribed by the plaintiff or by the plaintiff's attorney, ***give an address <u>within the state</u> where the subscriber may be served in person and by mail***, state the time within which these rules require the defendant to serve an answer, and notify the defendant that if the defendant fails to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint.") (emphasis added).

22.     Plaintiff was actually confused by Portfolio Recovery Associates, LLC's false statement.

23.     On July 31, 2020, the Minnesota state court granted Ms. Yang's motion to dismissed Portfolio Recovery Associates, LLC's complaint against Ms. Yang based upon the false statement in the summons.

24.     A copy of the July 31, 2020, Minnesota state Court Order is attached as Exhibit A.

25. The state Court held that "Because the Rule requires that the Summons provide a Minnesota address for service by mail on the subscriber, this Summons is insufficient under Rule 4.01." *Id.*

26. The state Court also held that "Here, in contrast, the defect involved supplying Ms. Yang with ***incorrect information*** regarding how to respond to the Complaint." *Id.* (emphasis added).

27. Judgment against Portfolio Recovery Associates, LLC was entered on August 3, 2020.

28. Portfolio Recovery Associates, LLC filed a motion for Amended Findings on August 26, 2020. Portfolio Recovery Associates, LLC withdrew its motion for Amended Findings on September 2, 2020.

29. Portfolio Recovery Associates, LLC filed a letter request for leave to file a motion for reconsideration on September 2, 2020.

30. The state Court denied Plaintiff's request to file a motion for reconsideration on September 9, 2020.

31. The deadline to appeal the state Court Order and Judgment has expired.

32. Another state court in Minnesota recently vacated a judgment that Portfolio Recovery Associates, LLC had obtained using the exact same summons, holding that the summons was not only deficient as a matter of Minnesota law,

but also "misleading" to the consumer.  *See Portfolio Recovery Associates, LLC v. Sonji Wiley*, Hennepin County Case No. 27-cv-19-21436.

### FDCPA Violations

33. Defendant's false statement that Plaintiff ***must*** serve her answer at a Post Office Box in North Dakota violates Minn. R. Civ. P. 4.01 and constitutes a violation of 15 U.S.C. § 1692f(1). *See Klein v. SZJ, Ltd.*, 2019 U.S. Dist. LEXIS 361, *5 (D. Minn. 2019) ("A plaintiff who pleads a violation of § 1692f(1) based on an action not 'permitted by law' must necessarily plead that another law, not the FDCPA, was violated.").

34. In addition, the false and misleading statement in Defendant's summons (that Plaintiff ***must*** send her response to the complaint across state lines) violated 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10).

35. These false and misleading statements caused Plaintiff an informational injury as it misled her with regard to the rules governing her response to the claim against her.

36. Defendant's conduct described herein caused particularized and concrete harm to Plaintiff.  Plaintiff's statutory rights to truthful, non-misleading, non-oppressive, non-unconscionable communications and tactics in debt collection efforts were violated.

37. Defendant's violations of the FDCPA denied Plaintiff access to truthful information, which is a concrete form of informational injury under Article III, and the denial of that information on its own is sufficiently concrete. *See Church v. Accretive Health, Inc.*, 2016 WL 3611543 (11th Cir. 2016); *Demarais v. RAzOR Capital, LLC*, 869 F.3d 685 (8th Cir. 2017).

38. Defendant's violations of the FDCPA illustrate the risk of tangible harm from debt-collector misrepresentations and other misconduct, which is an increased risk of harm that itself supports standing here.

39. Defendant's actions caused an injury that is personal to Plaintiff, and is not a nonjusticiable generalized grievance.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

## (VIOLATION OF THE FDCPA)

41. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

42. The foregoing acts and omissions by Defendant constitute multiple violations of the FDCPA.

43. Specifically, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f(1).

44. As a result of these violations, Plaintiff has suffered concrete and particularized harm, including depriving her of her rights granted by Congress through the FDCPA (for example, the right to accurate representations in connection with debt collection activities).

45. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

   a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b. For an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. For an award of costs of litigation including reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      d. For such further and other relief as may be just and proper.

DATED: October 23, 2020

> By:   /s Darren B. Schwiebert
> Darren Brayer Schwiebert (#260642)
> darren@dbslawmn.com
> DBS Law LLC
> 301 Fourth Avenue South, Suite 280N
> Minneapolis, MN 55415
> 612.501.6008
>
> Attorney for Felicia Yang