| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Portfolio Recovery Associates,

    Plaintiff,

v.

Felicia Yang,

    Defendant.

Court File No. 27-CV-20-702
Judge Mary R. Vasaly

**ORDER**

---

 The above-entitled matter came before Judge Mary R. Vasaly for a remote "Zoom" hearing on July 16, 2020, upon the Motion to Dismiss of Defendant, Felicia Yang.

 Plaintiff, Portfolio Recovery Associates, was represented by Anita Sunde and Rodenberg Law Firm.

 Defendant, Felicia Yang, was represented by Darren Brayer Schwiebert and DBS Law, LLC.

 Based upon the affidavits filed by the parties, the arguments of counsel, and all of the records, files, and proceedings herein, the Court makes the following:

## ORDER

 1. Defendant's motion to dismiss the Complaint is granted. The action is dismissed without prejudice.

 2. The attached memorandum of law is incorporated herein.

**LET JUDGMENT BE ENTERED FORTHWITH**

                BY THE COURT:

Date: July 31, 2020              _/s/ Mary R. Vasaly_____

                   Mary R. Vasaly
                   Judge of District Court

# EXHIBIT A

MEMORANDUM OF LAW

I. FACTUAL BACKGROUND

The relevant facts are limited due to the procedural posture of the motion and the abbreviated allegations in Plaintiff's Complaint. In the Complaint, Plaintiff alleges that before the case was commenced, "the defendant owed $603.16 for credit on a Comenity Bank-Victoria's Secret account." The claim was assigned, "for good consideration," to the Plaintiff and the balance remains due and owing. (Pl's Compl., ¶ 1.)

Plaintiff had the Summons and Complaint personally served on Ms. Yang on July 12, 2019. (Aff. of Serv.) It filed this action on January 10, 2020. The Summons that was served on Ms. Yang advised Ms. Yang, among other thangs:

> You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: PO Box 2427, Fargo, ND 58108-2427.

The person who signed the summons was "Anita Sunde" and her address was given as "PO Box 2427, Fargo, ND 58108-2427." However, on the lower left hand side of the Summons, the following information was separately printed:

> **PERSONAL SERVICE**
> c/o Anita Sunde
> 1112 6th Ave NE
> Dilworth, MN 56529
>
> **SERVICE BY MAIL**
> PO Box 1014
> Moorhead, Minnesota 56560

No explanation was provided regarding the meaning of "personal service" or "service by mail."

On February 12, 2020, Ms. Sunde filed an affidavit that states:

> [T]he summons and complaint in said action have been duly served on the defendant therein and said summons and complaint with proof of said service thereof duly filed in the office of the clerk of said court; that the time allowed by law and specified in said summons for said defendant to answer the complaint in said action has elapsed, that no answer has been received by or served upon said plaintiff or its attorney and defendant has not otherwise properly defended in the action; that accordingly said defendant is in default herein.

In February 2020, Plaintiff notified Ms. Yang that it intended to seek a default judgment against her. After the motion papers were filed, the hearing on the motion was eventually scheduled for

2

July 16, 2020.  On June 17, 2020, Ms. Yang moved to dismiss the action.  Plaintiff opposes the motion.

## II.  Legal Conclusions

### A.  Dismissal for Insufficient Process

Ms. Yang argues that this case must be dismissed pursuant to Minn. R. Civ. P. 12(b) and (c), because the summons that was served on her did not meet the requirements of state law.  In Minnesota, an action is commenced by service of a summons.  *See* Minn. R. Civ. P. 3.01(a).  The summons must in relevant part, meet the following requirement:

> The summons shall … be subscribed by the plaintiff or by the plaintiff's attorney, [and] give an address within the state where the subscriber may be served in person and by mail…

Minn. R. Civ. P. 4.01.

Whether service of process was effective, and personal jurisdiction therefore exists, is a question of law.  *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008) (citing *Roehrdanz v. Brill*, 682 N.W.2d 626, 629 (Minn. 2004)).  Service of process in a manner not specifically authorized by law is ineffective service.  *Lundgren v. Green*, 592 N.W.2d 888, 890 (Minn. Ct. App. 1999), *review denied* (Minn. July 28, 1999) (citing *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997).  To be effective, service of process "must accord strictly with statutory requirements."  *Id.* (quotation omitted).  Thus, the fact that a party has actual notice of a lawsuit is irrelevant.  *Jaeger v. Palladium Holdings, LLC*, 884 N.W.2d 601, 609 (Minn. 2016) (citing Minn. R. Civ. P. 4.03) (holding that Minnesota law does not recognize an actual-notice exception to the service-of-notice rules).

In interpreting a rule or statute, the court interprets words and phrases according to their common and ordinary meaning, and "technical words and phrases according to their special, technical meaning."  *Cox v. Mid-Minnesota Mut. Ins. Co.*, 909 N.W.2d 540, 543–44 (Minn. 2018) (citing *State v. Schouweiler*, 887 N.W.2d 22, 25 (Minn. 2016).  A word has a special meaning if "courts have ascribed a well-established and long-accepted meaning to [it]."  *Id.* (citations omitted.)  "Whether a phrase should be ascribed its technical or special meaning depends in part upon the context in which the phrase appears.  *Cox*, 909 N.W.2d at 544 (citing *State v. Rick*, 835 N.W.2d 478, 484 (Minn. 2013)).  The court also considers a rule's purpose, history, and procedural context.  *Id.* (citations omitted).

"It is well-settled that the ultimate burden of proving insufficient service of process is upon the defendant." *DeCook v. Olmsted Med. Ctr., Inc.*, 875 N.W.2d 263, 274 (Minn. 2016). However, the plaintiff must first submit evidence demonstrating that service was made in an effective manner. *Id.* "In other words, the plaintiff bears the initial burden of production, and the defendant bears the ultimate burden of persuasion." *Id.*

Here, Plaintiff has failed to meet its initial burden of demonstrating that service was made in an effective manner, because the summons does not meet the requirements of the applicable Rule. Although the Summons does direct the person served to "give or mail to the person who signed this summons a written response called an Answer," which satisfies the requirement that a plaintiff instruct the defendant to give or mail "the subscriber" an answer, it does not state where *within the state* the subscriber may be served in person and by mail. Instead, the Summons states that "[y]ou must send a copy of your Answer to the person who signed this summons located at: PO Box 2427, Fargo, ND 58108-2427." This directive is not contained in the rule, which contains no provision requiring the person served to mail the answer to a location outside the state.

More importantly, this language does not satisfy the requirement that the defendant be provided an address within the state where the subscriber may be served "in person and by mail." Instead, the Summons creates confusion by referring to "service" only in the references at the bottom of the page. The body of the Summons does not refer to any requirement of "service" and there is no definition of "service" provided. As a result, Ms. Yang is given no reason to refer to these two addresses.

Finally, even if Ms. Yang *were* aware of a "service on the subscriber" requirement, the Summons only provides a Minnesota address where the "subscriber," Ms. Sunde, may be "served in person." Its "service by mail" provision does not identify the Post Office Box as a place where Ms. Sunde, the subscriber, may be served by mail. It does not identify the owner of the post office box. This suggests that if Ms. Yang wishes to mail the answer to "the subscriber," as "required" in the body of the Summons, she may only do so by mailing the answer to the North Dakota address. Because the Rule requires that the Summons provide a Minnesota address for service by mail on the subscriber, this Summons is insufficient under Rule 4.01.

Plaintiff argues that it would violate the Constitution for the Court to interpret the rule as requiring plaintiffs to provide the defendant with a Minnesota address for service of the answer in person or by mail. Such a requirement, it contends, would violate the rights of nonresident citizens to access the courts. The Court need not address this argument.

The Court must "presume statutes to be constitutional and exercise the power to declare a statute unconstitutional 'with extreme caution and only when absolutely necessary.'" *Irongate Enterprises, Inc. v. Cty. of St. Louis*, 736 N.W.2d 326, 332 (Minn. 2007) ((citing *ILHC of Eagan, LLC v. County of Dakota*, 693 N.W.2d 412, 421 (Minn. 2005) (quoting *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989)). The party challenging a statute's constitutionality bears the burden of establishing that the statute is unconstitutional beyond a reasonable doubt. *Westling v. County of Mille Lacs*, 581 N.W.2d 815, 819 (Minn. 1998) (citing *In re Conservatorship of Foster*, 547 N.W.2d 81, 85 (Minn. 1996). Furthermore, "a person to whom a statute may constitutionally be applied will not be heard to challenge a statute on the ground that it may conceivably be applied unconstitutionally to others." *Irongate,* 736 N.W.2d at 333 (citation omitted).

In this case, Plaintiff lacks standing to raise its constitutional argument. There is no dispute that Ms. Sunde does in fact have a Minnesota address where she may be served. Thus, the Court is not dismissing the case because Plaintiff lacks a Minnesota address. Rather, it is dismissing the case because the Summons did not adequately advise Ms. Yang of her rights in conformity with the applicable rule. Plaintiff lacks standing to raise its constitutional argument.

Plaintiff argues that even if the Summons, and therefore, service of process was insufficient, dismissal is not the proper remedy. Rather, Plaintiff asks that the Court allow amendment of the Summons pursuant to Rule 4.07 of the Minnesota Rules of Civil Procedure. That rule provides:

> The court in its discretion and on such terms as it deems just may at any time allow any summons or other process or proof of service thereof to be amended, unless it clearly appears that substantial rights of the person against whom the process issued would be prejudiced thereby.

*See also DeCook v. Olmstead Medical Center, Inc.*, 875 N.W.2d at 263.

Relying on *DeCook*, Plaintiff argues that the Court should allow the Summons to be amended because the errors in the Summons were "technical" defects and Ms. Yang has suffered

5

no prejudice as a result. Ms. Yang points to *Tharp v. Tharp*, 36 N.W.2d 1, 3 (Minn. 1949), where the Minnesota Supreme Court affirmed the trial court's dismissal of the action due to ineffective service of process and denied amendment because the amendment would result in prejudice, in that the defendant would lose a defense.

The Court agrees with Ms. Yang that the defects in the Summons were more than mere technical errors. Unlike the situation in *DeCook*, where the defect involved an improper signature, the error was corrected and the defendant re-served. The error did not impact the defendant's ability to respond to the Complaint. Here, in contrast, the defect involved supplying Ms. Yang with incorrect information regarding how to respond to the Complaint. Moreover, Plaintiff has neither served Ms. Yang with a corrected Summons nor moved to amend the Summons. Although she has not identified prejudice due to the defect, Plaintiff would also not be prejudiced by being required to follow the rules. Otherwise, the Court would be allowing Plaintiff to commence the action using whatever form of Summons it chooses without regard to Minnesota's clear rules.

The Court will dismiss the case without prejudice.

### B. Dismissal for Lack of Subject Matter Jurisdiction

Ms. Yang also argues that the Court lacks subject matter jurisdiction over this proceeding because a federal injunction bars Plaintiff from bringing this lawsuit. On September 15, 2015, the United States Consumer Protection Bureau entered an Injunction Consent Order against Plaintiff (the "Injunction."). (Declaration of Darren Schwiebert, Ex. B.) Pursuant to Section VIII of the Injunction:

> [Plaintiff], [Plaintiff's] attorneys, and all other persons in active concert or participation with any of them . . . are permanently restrained and prohibited from: Initiating any Debt Collection Lawsuit ….

However, the Injunction provides an exception. Plaintiff may initiate such a lawsuit, if it is in possession of certain documentation, and provides certain information to the defendant before the action is commenced. (*Id.*, ¶¶ 119, 120.) Ms. Yang argues that Plaintiff did not provide her with the required information and therefore the Court lacks subject matter jurisdiction over the action.

The Court disagrees with Ms. Yang for two reasons. First, the question is not one of subject matter jurisdiction. The Injunction was issued against Plaintiff, a party in that action, and

therefore acts *in personam* on it.  (*See* Injunction, Section VIII, ¶ 115.)  The court that issued the Injunction did not purport to prohibit state courts, such as this Court, from adjudicating claims properly commenced pursuant to their rules.  If it had done so, its order would likely have violated the Anti–Injunction Act, 28 U.S.C. § 2283 (2000).  The Act is part of a scheme, formed by statutory and decisional law that serves to forestall the frictions that would result from turf wars between federal and state courts over control of a particular case.  *See Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).  Generally, it bars a federal court from granting an injunction that would stay state-court proceedings unless such an injunction is (1) expressly provided for in a federal statute, (2) necessary in aid of the federal court's jurisdiction, or (3) necessary to protect or effectuate the federal court's judgments.

   Second, the Court disagrees with Ms. Yang that it may determine whether the action is barred in the procedural posture of this motion to dismiss.  The district court may grant a motion to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted."  Minn. R. Civ. P. 12.02(e).  A complaint must "contain a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief.  *Id.* at 8.01.  While every averment in the complaint must be "simple, concise, and direct," no specific or technical form of pleading is required.  *Id.* at 8.05(a).  Therefore, "a claim is sufficient against a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded."  *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014).  A sufficient pleading must identify only the incident in question and need not allege each element of each possible cause of action.  *Id.* at 605.

   In considering a motion to dismiss pursuant to Rule 12.02(e), a district court must "consider only the facts alleged in the complaint, accepting those facts as true and must construe all reasonable inferences in favor of the nonmoving party."  *Finn v. Alliance Bank*, 860 N.W.2d 638, 653 (Minn. 2015) (quotation omitted).  Generally, documents outside the pleadings not referenced therein cannot be considered on a motion to dismiss without converting the motion to one for summary judgment.  Minn. R. Civ. P. 12.02.  The Court may also take "judicial notice" of a fact not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *Matter of Welfare of*

*Clausen*, 289 N.W.2d 153, 156–57 (Minn. 1980) (citing Minn. R. Evid. Rule 201(b)).  The function of judicial notice is to expedite litigation by eliminating the cost or delay of proving readily verifiable facts.  *Id.*

The Injunction on which Ms. Yang relies does not bar Plaintiff from commencing this action on its face.  Instead, it contains exceptions that depend upon the facts as to whether Plaintiff did or did not satisfy the Injunction's conditions.  The Court would need to look outside the Complaint to determine the existence of those relevant facts based on affidavits or other admissible evidence.  In the procedural posture of this case, it would be improper for the Court to do so.  The motion to dismiss on this ground is denied.

### III.  CONCLUSION

Ms. Yang's motion to dismiss for insufficient service of process/lack of personal jurisdiction is granted.

- MRV